FIRST BANK OF SAVANNAH,
Plaintiff-Appellee,

v.

OIL SCREW CITATION, her engines, boiler, tackle, apparel, anchors, sails, spars and riggings, and Henry W. McDowell, Sr., Defendants-Appellants,

Joyce R. McDowell, Intervenor-
Appellant.

No. 73-3082

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 11, 1974.

Rehearing Denied Feb. 5, 1974.

Stanley Karsman, A. Martin Kent, Savannah, Ga., for defendants-appellants.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Walter C. Hartridge, II, Edwin D. Robb, Jr., Savannah, Ga., for plaintiff-appellee.

Before BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

In this appeal from the foreclosure of a preferred ship mortgage, the district court aptly described the events leading up to it as including "complex banking loans, misunderstanding of the parties, credits to checking accounts of deposited bad checks, cancellation of notes based on the honoring thereof, separate checking accounts and complicated refinancing of indebtedness after charging back the credits for worthless checks." From this welter of confusing actions taken by the parties emerges two simple issues both of which were resolved by the district court in favor of the Bank. We agree that the mortgage was valid and thus affirm the judgment of foreclosure.

 At the outset we observe that the McDowells admit that the debt is due the Bank but they contend that it is not secured by a preferred ship mortgage. The district court found however, and the record supports the finding that the McDowells' note to the Bank, which was secured by a preferred ship mortgage on the vessel "Citation", was marked satisfied by the Bank because of a deposit by the appellees of a check, sufficient in amount to cover the indebtedness, but which was later returned to the Bank for insufficient funds. The district court concluded, and correctly so, that the note had never been paid, that the preferred ship mortgage had continuing validity, and that the Bank was entitled to foreclose it.

The second issue was posed by Joyce McDowell's intervention to claim that $25,000 had been improperly withdrawn from her account by the Bank and that she was therefore the subrogee on the reexecuted Citation note and was thus subrogated to a like amount in the Registry as a result of the foreclosure sale of the vessel. The district court found no merit to this contention because it correctly held that the deposit was mistakenly credited to her account. While the district court erroneously stated the source of these funds it is immaterial because it is clear from the record that the $25,000 from the re-executed Citation note, was through a clerical error credited to her account instead of to the account of the mortgagors. The clerical error was detected and corrected the following day by debiting Joyce McDowell's account and crediting the account of the mortgagors.

The district court's findings of fact were not only not clearly erroneous, McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20, they were fully supported by the record.

Affirmed.